### In re TAMPA TEXTILE CO.

(District Court, S. D. Florida. November 19, 1923.)

#### No. 2531.

**Bankruptcy ⬤➡350—Claim for rent held entitled to priority under state statute.**
A letter, written by the lessor of the premises occupied by bankrupt, offering to accept a part of the monthly rent reserved in the lease for the ensuing two years, and if at the end of that time the partial payments had been promptly met to remit the unpaid part, but reserving the right to collect the same in case of default or failure in business, *held* not to change the nature of his claim for the back rent, on the bankrupty within the two years, to one for damages, which would deprive him of the right to priority under the state statute.

In Bankruptcy. In the matter of the Tampa Textile Company, bankrupt. On petition to review order of referee allowing claim of M. J. Hulsey for rent. Petition denied.

Wm. M. Taliaferro, of Tampa, Fla., for petitioner.
T. M. Shackleford, Jr., of Tampa, Fla., for claimant.

CALL, District Judge. This cause comes on for a hearing upon the petition to review the order of the referee, made herein August 9, 1923, allowing the claim of M. J. Hulsey for rent of the premises occupied by the bankrupt. The facts upon which the referee acted may be stated as follows:

On October 1, 1921, a lease for the premises was executed to the bankrupt for five years and three months at a monthly rental of $1,000. On March 30, 1922, the landlord addressed a letter to the bankrupt, as follows:

"Tampa, Florida, March 30, 1922.
"Tampa Textile Company, Tampa, Florida—Gentlemen: I have carefully

considered the matter of my lease of store building to you, dated October 1, 1921, in view of the business difficulties you are meeting, as you have outlined and explained them to me, and while I am unwilling to bind myself unconditionally to a reduction in the rent, I am willing to make some concessions, if by doing so you can make good. I will therefore accept $600 per month rent until the 1st of April, 1923, not in full payment, however, but in partial payment, leaving the remaining $400 to be adjusted as herein stated. Then, if you have paid the $600 per month promptly, I will accept $700 per month from April 1, 1923, until April 1, 1924. If on April 1, 1924, you have paid the monthly amounts promptly as herein stated, I will enter into a new agreement with you, by the terms of which the unpaid rent from now until April 1, 1924, viz. $400 per month until April 1, 1923, and $300 per month thereafter until April 1, 1924, shall be remitted, canceled, and discharged, and that the rent from that date, until the termination of the lease dated October 1, 1921, shall be $800 per month for the first 12 months, $900 per month for the next 12 months, and $1,000 per month thereafter until the termination of the period mentioned in said lease.

"Let it be distinctly understood, please, that the only reason I am making this concession is to help you meet the financial and business exigencies you are now facing, and should you fail in business, or should you remove from said premises, or should you break your contract of lease in any respect, or should you fail to pay promptly the monthly amounts herein stated, my right to and claim for the full amount of rent stated in the lease of October 1, 1921, is not to be considered discharged, released, or jeopardized in any particular.                     Yours very truly.          [Signed]  M. J. Hulsey."

After bankruptcy the landlord filed his claim against the estate, in which he claimed a preferred debt for rent for the difference between the amounts paid as per said letter and the rent reserved in the lease, amounting to $4,880. Exceptions were filed to the allowance of said claim, which exceptions were by the referee overruled. These exceptions are 10 in number, but the statement of the first and second include the others: (1) The money alleged to be due under the claim as filed does not constitute a claim for rent, and is not entitled to priority. (2) Said claim is a mere contract claim, and has none of the attributes of a rent claim, and is not entitled to priority under the state law.

It was contended in argument by the objector that the letter above quoted changed the character of the amounts claimed to be due from rent to damages suffered by reason of its breach. A careful consideration of the letter convinces me that there was no intention of the landlord to remit portions of the rent reserved until April 1, 1924, when, if the conditions had been complied with, a new lease would then be entered into. The conditions were not complied with, and it does not seem to me that the letter can have any effect upon the question of whether the amount is rent vel non. Suppose the landlord had verbally agreed to accept a less sum than $1,000 monthly, balance payable at a later date; would that have changed the character of the amount due? I think not. Or, had the landlord neglected to collect the rent as per the lease, the amounts due would still be rent. There was no consideration moving to the landlord to write said letter, nor did such letter cause damage to the bankrupt. It was a mere nudum pactum, and not binding upon the landlord.

Nor can I see that the intervention of bankruptcy proceedings, and the rights of creditors attaching thereby, can be considered to make the claim of the landlord for his rent inequitable.

The petition for review will be denied.